UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80539-CIV-HURLEY/HOPKINS

DAVID FEINGOLD,

      Plaintiff,

v.

SCOTT BUDNER, et al.,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE

**THIS CAUSE** is before the court upon defendants' motion to dismiss the complaint [DE # 13] and defendants' motion to strike plaintiff's motion to compel [DE # 18]. For the reasons given below, the court will grant the motion to dismiss, deny the motion to strike, and permit plaintiff to file an amended complaint pleading his claims with particularity.

### BACKGROUND

The complaint in this case asserts civil RICO and fraud claims, as well as a claim for declaratory and injunctive relief. According to the complaint, defendant Scott Budner served as the chief executive officer of a brokerage firm known as the Secure Trading Group. Plaintiff David Feingold was a customer of Secure Trading Group. His complaint alleges that between 2002 and 2006, Budner illegally converted customer funds, including Feingold's funds, to his own use, including for the purchase of a house in Boca Raton, expensive cars, and fractional ownership of a jet. The complaint alleges that Budner is therefore liable under the Racketeering-Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*., and the Florida common law of fraud. On July

14, 2008, Budner filed the instant motion to dismiss the complaint.

**JURISDICTION**

This court has jurisdiction over plaintiff's RICO claim pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over plaintiff's common-law fraud claim pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to plaintiff's claim occurred in the Southern District of Florida.

**DISCUSSION**

### A.    *Standard on Motion to Dismiss*

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate. *Id.* On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985). Regardless of the alleged facts, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

### B.    *Defendants' Motions*

2

          *1.*    *Motion to Dismiss*

Defendants move to dismiss the complaint on the ground that plaintiff's claims have not been pled with particularity as required by Fed. R. Civ. P. 9(b). Rule 9(b) provides, in relevant part: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Like fraud claims, civil RICO claims are subject to Rule 9(b)'s heightened pleading requirements. *See Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). "To satisfy the Rule 9(b) standard, RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id.* at 1316-17.

Although the complaint details at some length alleged regulatory problems confronted by Budner and Secure Trading Group, *see* Compl. ¶ 16, it does not satisfy Rule 9(b)'s pleading requirements as articulated by *Ambrosia Coal*. Nowhere does the complaint describe, with the required specificity, any misleading statements or misrepresentations alleged to have been made by Budner. The closest the complaint comes in Count I, the RICO claim, is to allege a "continous pattern of criminal activity" including "the fraudulent submission of financial statements to regulators . . . in separate and multiple circumstance on well in excess of three occasions" and "the fraudulent reporting of financial statements of STG to induce clients and customers to place monies with the firm." *See* Compl. ¶ 25. These allegations do not identify with precision the allegedly misleading statements made by Budner. Neither do they describe the time, place, content or manner of the misleading statements. They are thus insufficient to meet the Rule 9(b) standard.

Even were the court to conclude that Feingold had described Budner's alleged

3

misrepresentations with sufficient specificity, it would nonetheless dismiss the RICO claim for lack

of proximate causation. Because 18 U.S.C. § 1964(c) provides a civil cause of action only to those

persons injured "by reason of" a RICO violation, RICO plaintiffs must prove proximate causation

in order to recover, and courts must scrutinize proximate causation at the pleading stage. *Anza v.*

*Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006); *Williams v. Mohawk Industries, Inc.*, 465 F.3d

1277, 1287 (11th Cir. 2006). "When a court evaluates a RICO claim for proximate causation, the

central question it must ask is whether the alleged violation led directly to the plaintiff's injuries."

*Anza*, 547 U.S. at 461. Here, Feingold has not alleged that he relied on Secure Trading Group's

financial statements in deciding to open an account with STG, or that the allegedly fraudulent

statements in some other way "led directly" to his injury. Nor is any direct chain of causation

obvious from the allegations in the complaint. Thus the RICO claim fails to adequately plead

proximate causation and is due to be dismissed on this alternative ground as well.

Count II, the common-law fraud claim, is likewise subject to the requirements of Rule 9(b).

At its most specific, it alleges that "in 2004 Defendant Budner stated that the financial health of STG

was solid and that Budner represented at one point that STG had in excess of ten million dollars in

positive net capital. In reality, STG did not have such positive net capital . . . ." *See* Compl. at ¶ 31.

Alleging that one statement was made "in 2004" and that another representation was made "at one

point" does not satisfy Rule 9(b). Therefore, Count II must likewise be dismissed for lack of

particularity.

Count III is a claim for "declaratory and preliminary injunctive relief." Declaratory

judgments and injunctions are equitable remedies, not causes of action. A plaintiff must prevail on

an underlying claim in order to be entitled to either form of relief. *See Buck v. American Airlines,*

4

*Inc.*, 476 F.3d 29, 33 n.3 (1st Cir. 2007) ("Although the plaintiffs style "declaratory judgment" as a cause of action, the provision that they cite, 28 U.S.C. § 2201(a), created a remedy, not a cause of action."); *Okpalobi v. Foster*, 244 F.3d 405, 423 n.31 (5th Cir. 2001) (remarking that "the law makes clear that – although the Declaratory Judgment Act provides a *remedy* different from an injunction – it does not provide an additional cause of action with respect to the underlying claim") (emphasis in original); *In re Joint Eastern and Southern Dist. Asbestos Litigation*, 14 F.3d 726, 731 (2d Cir. 1993) ("The Declaratory Judgment Act does not . . . provide an independent cause of action. Its operation is procedural only – to provide a form of relief previously unavailable. Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief.") (citation omitted). Because the court has determined that Counts I and II must be dismissed, there is no basis on which Feingold can prove entitlement to either a declaratory judgment or an injunction. Thus, Count III must be dismissed as well.

The court will accordingly order that the complaint be dismissed in its entirety, and grant Feingold leave to file an amended complaint which satisfies the requirements of Rule 9(b).

### 2. Motion to Strike

On August 19, 2008, Feingold filed a motion to compel initial disclosures of witnesses and documents [DE # 16]. Contemporaneously with his memorandum in opposition, Budner filed a motion to strike the motion to compel, pursuant to Fed. R. Civ. P. 12(f) [DE # 18].

Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike another motion is inappropriate because under the Federal Rules, a motion is not a pleading. *See* Fed. R. Civ. P. 7(a) (limiting the pleadings allowed in federal court to complaints, answers, and replies); *see also* Fed.

5

R. Civ. P. 7(b) (providing separately for motions); *Bluegrass Hosiery, Inc. v. Speizman Industries, Inc.*, 214 F.3d 770, 772 (6th Cir. 2000) (distinguishing between motions and pleadings in the context of Rule 13(a)'s compulsory-counterclaim requirement); *Charles L.M. ex rel. Susan R.M. v. Northeast Independent School Dist.*, 995 F.2d 222 at \*5 (5th Cir. 1993) (table op.); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike.").

Moreover, motions to strike are disfavored in federal practice, and often considered "time wasters." *See U.S. ex rel. Chabot v. MLU Services, Inc.*, 544 F. Supp. 2d 1326, 1330 (M. D. Fla. 2008); *BB In Technology Co., Ltd. v. JAF, LLC*, 242 F.R.D. 632, 641 (S. D. Fla. 2007). This is particularly true in the case of a motion to strike another motion, where the party filing the motion to strike has a full opportunity to contest the motion sought to be stricken in a memorandum of opposition, as Budner did here. In this situation, the motion to strike does nothing more than duplicate the memorandum of opposition. The court will therefore deny the motion to strike.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.    Defendants' motion to dismiss the complaint [DE # 13] is **GRANTED**.

2.    The complaint [DE # 1] is **DISMISSED**.

3.    Within **TWENTY (20) DAYS** of entry of this order, plaintiff may file an amended complaint which pleads his claims with the particularity required by Fed. R. Civ. P. 9(b).

4.    Defendants' motion to strike [DE # 18] is **DENIED**.

5.    In light of the dismissal of the complaint, any other pending motions are **DENIED AS MOOT WITHOUT PREJUDICE** to be renewed if necessary upon the filing

Order Granting Defendants' Motion to Dismiss and Denying Defendants' Motion to Strike
Feingold v. Budner et al.
Case No. 08-80539-CIV-HURLEY/HOPKINS

of the amended complaint.

**DONE** and **ORDERED** in Chambers in West Palm Beach, Florida, this **8** day of

October, 2008.

Daniel T. K. Hurley
U.S. District Judge

*Copies provided to counsel of record*

7