UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.08-80539-Civ-Hurley/Hopkins

DAVID FEINGOLD,

    Plaintiff,

vs.

SCOTT BUDNER, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATION AS TO DEFENDANT, SCOTT BUDNER'S MOTION FOR ENTRY OF AWARD PURSUANT TO RULE 11 MOTION (DE 84)

**THIS CAUSE** has come before the undersigned upon an Order referring Defendant Scott Budner's Motion for Entry of Award Pursuant to Rule 11 Motion for a report and recommendation. (DEs 84, 85). This Court has before it Scott Budner's Motion, Plaintiff's Response in Opposition, and Scott Budner's Reply. (DEs 84, 85, 87). For the reasons that follow, this Court **RECOMMENDS** that the Court **DENY** Defendant Scott Budner's Motion. (DE 84).

### BACKGROUND

Plaintiff commenced the instant action against Defendants, his former broker and brokerage firm, in May of 2008. (DE 1). The complaint and amended complaint, filed by Plaintiff *pro se*, included causes of action for civil RICO pursuant to 18 U.S.C. § 1961-1968, and fraud. (DE 1, pgs. 1-15; DE 25, pgs. 1-18).

On June 10, 2009, the District Court granted Defendant Scott Budner's Motion to Dismiss Plaintiff's Amended Complaint and closed the case. (DEs 28, 82). In so doing, the

District Court ruled that the Private Securities Litigation Act of 1995 amended the relevant civil RICO statute, 18 U.S.C. § 1964(c), to exclude claims alleging securities fraud as a predicate act. (DE 82, pgs. 3-6) (*citations omitted*).

Scott Budner's Rule 11 motion was filed nine (9) days later, on June 19, 2009. (DE 84). No hearing has been requested by either Defendant Scott Budner or Plaintiff.

## DISCUSSION

In the instant motion, Defendant Scott Budner "(Budner)" contends that the District Court should award him fees and costs pursuant to Rule 11(b)(2). (DE 84, pgs. 1-3). According to Budner, sanctions are warranted because Plaintiff's civil RICO claim was filed in violation of the Private Security Litigation Reform Act ("PSLRA"), which was amended in 1995 to abolish causes of action for any conduct relating to the purchase or sale of securities which would have been actionable as fraud, unless the person who committed such fraud had been criminally convicted. (DE 84, pgs. 1-2). Budner states that although his former counsel served Plaintiff with his Rule 11 motion on October 21, 2008, Plaintiff refused to dismiss the action, and instead used the litigation as tool for harassment until the District Court granted Budner's Motion to Dismiss on June 10, 2009. (DE 84, pg. 2; DE 87 pg. 2).

In response, Plaintiff first contends that the court lacks jurisdiction to entertain Budner's motion by virtue of having entered the order of dismissal on June 10, 2009, closing the case without specifically retaining jurisdiction to rule on any future Rule 11 motions. (DE 86, pg. 2). In the alternative, Plaintiff contends that his civil RICO action was not filed in violation of the PSLRA, and that his cause of action was a reasonable argument to establish new law, because (1) the issue remains undecided by the Eleventh Circuit; and, (2) the only law relied on by the

2

District Court in its Order of dismissal was decided by the Ninth Circuit. (DE 86, pg. 2). Plaintiff also argues that Budner is not entitled to any award of attorney's fees because Budner represented himself *pro se*, and that Budner only filed the instant Rule 11 motion as an attempt to extort an award of attorney's fees. (DE 86, pg. 3). Plaintiff also contends that Budner is not entitled to any award of sanctions because Budner's behavior has been "appalling." (DE 86, pg. 4-7 and n.2).

In Reply, Budner reiterates that sanctions are warranted because Plaintiff's complaint had no chance of success, and because Plaintiff failed to correct or withdraw the civil RICO claim, despite being served with a copy of Budner's Rule 11 motion. (DE 87, pg. 2) (*citations omitted*). Budner also argues that his former counsel withdrew because he was unable to pay his legal fees, and that Plaintiff only commenced the instant litigation in retaliation for Budner's legal malpractice action previously filed in state court. (DE 87, pgs. 2-3).

**Whether the Court Lacks Jurisdiction to Entertain Budner's Rule 11 Motion**

Plaintiff first contends that the Court is obligated to dismiss Budner's Rule 11 Motion with prejudice for lack of jurisdiction. (DE 86, pgs. 8-9) (*citing King v. Epstein*, 167 F. App'x 121, 124 (11th Cir. 2006); *Bivins v. Wrap it Up, Inc.*, No. 07-80159-CIV, 2007 WL 3101759, *1 (S.D. Fla. Oct. 19, 2007); *Carter v. Frito-Lay, Inc.*, No. 02-80704, 2002 WL 32107946, *1 (S.D. Fla. Dec. 20, 2002)).

Such argument lacks merit. None of the cases cited by Plaintiff support his contention that the Court lacks jurisdiction. In *King*, 167 F. App'x at 121-124, the Eleventh Circuit merely affirmed the dismissal of an action pursuant to *Rooker-Feldman* doctrine. Moreover, *Bivins*, 2007 WL 3101759 at *1, and, *Carter*, 2002 WL 32107946 at *1, are nothing more than mere

orders closing out the cases.

In *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990), the United States Supreme Court held that the petitioner's voluntary dismissal did not divest the district court of jurisdiction to entertain the respondent's Rule 11 motion. In so holding, the Court observed that because the issue of Rule 11 sanctions requires consideration of the collateral issue of whether counsel abused the judicial process, and what sanctions may be appropriate, such determinations "may be made after the principal suit has been terminated." *Id*. at 397. The Court further noted that because Rule 11 does not impose any deadline, district courts are entitled to establish their own local rules with regard to the timeliness of motions filed pursuant to the Rule. *See Id. at* 398. However, the Local Rules for the Southern District of Florida do not contain any such rule.

Other courts have likewise considered Rule 11 motions which were filed after the entry of dismissal. *See, e.g., Runfola & Assocs. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 372-373 (6th Cir. 1996) (holding that Rule 11 motion which was filed one month after the court entered summary judgment was timely filed because the motion was based on factual allegations in the pleadings which could not have been determined until the movant had the opportunity for proper discovery); *Metrocorps, Inc. v. Eastern Massachusetts Jr. Drum & Bugle Corps Ass'n*, 912 F.2d 1, 3 (1st Cir. 1990) (holding that consideration of Rule 11 motion was not barred because it was filed after entry of dismissal order).

**The Merits of Budner's Rule 11 Motion**

Rule 11 provides in relevant part:

****

**(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating

4

> it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.
> **(c) Sanctions**.
> 
> ****
> 
> **(2) Motion for Sanctions**.  A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.
> 
> ****

Fed. R. Civ. P. 11(b), (c)(2) (2009).

The purpose of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) (*quoting Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001)).  *See also Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) ("Rule 11 sanctions are designed to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses . . . They 'may be imposed for the purpose of deterrence, compensation and punishment.")  Where the court finds a violation of Rule 11, the court "shall" or *must* impose sanctions.  *See Didie*, 988 F.2d at 1104 (*citing Collins v. Walden*, 834 F.2d 961,

5

964, n.2 (11th Cir. 1987) (stating that the district court was compelled to impose sanctions for a complaint that was factually groundless and patently frivolous). Nevertheless, the Supreme Court has cautioned that Rule 11 "must be read in light of concerns that it will . . . chill vigorous advocacy." *Cooter & Gell*, 496 U.S. at 393.

Rule 11 sanctions are warranted in three scenarios: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or, (3) when the party files a pleading in bad faith for an improper purpose. *See Didie*, 988 F.2d at 1104 (*citations omitted*); *Kaplan*, 331 F.3d at 1255 (*citations omitted*). Rule 11 sanctions are also appropriate where the claims are objectively frivolous in view of the facts or the law. *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996), *reh'g and suggestion for reh'g en banc denied*, 99 F.3d 1157 (11th Cir. 1996).

For several reasons, this Court concludes that sanctions should not be imposed herein. First, Plaintiff contends that the civil RICO claim contained in the complaint constituted either a good faith argument supported by existing law, or a good faith argument for the establishment of new law, and that the issue of whether the PLSRA applies to class actions is still novel in the Eleventh Circuit. (DE 86, pg. 2). The record appears to support Plaintiff's contention. In response to Defendant Budner's Motion to Dismiss, Plaintiff conceded that Budner's argument with regard to the PSLRA "may actually carry some merit." (DE 30, pg. 10). After such acknowledgment, Plaintiff thereafter argued that the PSLRA applied only to Rule 23 class actions. (DE 30, pgs. 10-13). In support of such contention, Plaintiff cited various sections of the PSLRA which referred to class actions, as well as cases decided by the Eleventh Circuit and

other district courts addressing the PSLRA and class action securities cases.  (DE 30, pgs. 10-13).

Second, in its Order granting Budner's Motion to Dismiss, the Court cited a case decided by the Ninth Circuit when it rejected Plaintiff's contention that the PSLRA's limitation applies solely to class actions.  (DE 82, pg. 4) (*citing Powers v. Wells Fargo Bank, N.A.*, 439 F.3d 1043, 1045 (9th Cir. 2006)).  Courts are hesitant to impose Rule 11 sanctions where the argument advanced is not directly precluded by controlling caselaw.  *See Knight v. Sharif*, 875 F.2d 516, 519 (5th Cir. 1989) (finding that the district court did not abuse its discretion in declining to impose Rule 11 sanctions for counsel's assertion of argument seeking modification, extension or reversal of existing law, where no Mississippi law directly precluded tort of contract interference by a client against an attorney); *Neighborhood Research Inst. v. Campus Partners for Cmty. Urban Dev.*, 212 F.R.D. 374, 379 (S.D. Ohio 2002) (denying motion for Rule 11 sanctions on the plaintiffs "for asserting claims contrary to existing law when the only existing law comes from jurisdictions whose precedent is not binding on the Court.")

Third, the mere fact that the Court ultimately rejected Plaintiff's contention in its Order granting Budner's Motion to Dismiss, (DE 82), does not automatically lead to the conclusion that sanctions should be imposed.  *See Neighborhood Research Inst.*, 212 F.R.D. at 379 (noting that sanctions were not warranted even though the Court ruled in favor of the defendants) (*quoting Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc.*, 8 F.3d 441, 449 (7th Cir. 1993) ("although we disagree with [the Plaintiff's] interpretation of [the statute], its argument was not contrary to existing circuit precedent and therefore was not sanctionable as a matter of law."))

Finally, one court has observed that not only has the use of the civil RICO statute increased, but that the statute has been used in manners which are "quite different from the

original conception of its enactors." *See Van Dorn Co., Cent. States Can Co. Div. v. Howington*, 623 F. Supp. 1548, 1559 (N.D. Ohio 1985) (*quoting Sedima, SPRL v. Imrex Co.*, 473 U.S. 479, 500 (1985)). Against such backdrop, the court in *Van Dorn. Co.*, 623 F. Supp. at 1559, declined to impose Rule 11 sanctions on a civil RICO plaintiff where the complaint failed to properly plead a violation under 18 U.S.C. § 1962(d). In so doing, the court reasoned that Rule 11 was not intended to chill counsel's creativity in pursuing factual or legal theories. *See Id.* at 1599 (*quoting* Fed. R. Civ. P. 11, Advisory Committee Notes, 1983 Amendments). Applying such rationale to the instant case supports the conclusion that Rule 11 sanctions should not be imposed herein.

**<u>Whether Budner's Pro Se Status Precludes an Award</u>**

Because this Court concludes that no sanctions should be awarded under Rule 11, this Court need not address Plaintiff's contention that no sanctions should be awarded because Budner represented himself *pro se* herein.

Nevertheless, even if this Court were to conclude that sanctions should be imposed, Plaintiff's reliance on Budner's pro se status is unpersuasive because at the time Plaintiff commenced the instant action, Budner was represented by counsel. (DE 5). Counsel represented Budner from June of 2008, until March 11, 2009, when counsel was permitted to withdraw. (DEs 46, 54). Considering how heavily the parties litigated this case prior to the time that counsel was permitted to withdraw, this Court has little doubt that Budner amassed a large amount of legal fees, as contended in his Reply. (DE 87, pg. 3).[1]

---

[1] The parties both engaged in heavy motion practice. (DE 13, 16-22, 28, 30-32, 35-39, 41, 46, 47, 52).

**Whether Plaintiff Commenced the Instant Action in Retaliation**

While various pleadings, including the instant motion, reflect that both parties feel a high level of resentment toward the other, Budner's statement that Plaintiff only commenced the instant action in retaliation for a malpractice action that Budner instituted against Plaintiff in state court, (DE 87, pgs. 2-3), is not supported by any record evidence.  And, because Budner does not rely on such assertion in support of his request for Rule 11 sanctions, (DE 87, pgs. 2-3), this Court declines to further address such contention.

**Budner's Appalling Behavior**

Because this Court has concluded that no sanctions should be imposed, this Court need not address Plaintiff's complaints about Budner's "appalling behavior." (DE 86, pg. 4).

### RECOMMENDATION TO THE DISTRICT COURT

In conclusion, this Court **RECOMMENDS** that the District Court **DENY** Defendant Scott Budner's Motion for Entry of Award Pursuant to Rule 11 Motion.  (DE 84).

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation.  *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1) to provide that " . . . within fourteen days  after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may

9

serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE and SUBMITTED** in Chambers this 18 day of February, 2010, at West Palm Beach in the Southern District of Florida

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, Senior United States District Court Judge for the Souther District of Florida
David Feingold, *pro se*
Scott Budner, *pro se*